The **INDUSTRIAL CLAIM APPEALS OFFICE OF The STATE OF COLORADO; Miller Stockman; and Colorado Compensation Insurance Authority, Petitioners,**

**and**

**Colorado Department of Labor and Employment, Division of Workers' Compensation; and Barbara Kozelka, in her official capacity as Director, Colorado Division of Workers' Compensation, Intervenors,**

**v.**

**Jennie ROMERO, Respondent.**

**INDUSTRIAL CLAIM APPEALS OFFICE; Associated Indemnity; and The Salvation Army, Petitioners,**

**and**

**Colorado Department of Labor and Employment, Division of Workers' Compensation; and Barbara Kozelka, in her official capacity as Director, Colorado Division of Workers' Compensation, Intervenors,**

**v.**

**Dora C. ROMERO, Respondent.**

**Nos. 95SC227, 95SC248.**

Supreme Court of Colorado,
En Banc.

March 11, 1996.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney Gen-

eral, Timothy M. Tymkovich, Solicitor General, Paul Farley, Deputy Attorney General, David M. Kaye, First Assistant Attorney General, John D. Baird, Assistant Attorney General, State Services Section, Denver, for Intervenors in No. 95SC227.

Jean E. Dubofsky, P.C., Jean E. Dubofsky, Boulder, Pepe J. Mendez & Associates, P.C., Pepe J. Mendez, Denver, for Respondent in No. 95SC227.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Paul Farley, Deputy Attorney General, David M. Kaye, First Assistant Attorney General, John D. Baird, Assistant Attorney General, State Services Section, Denver, for Petitioner Industrial Claim Appeals Office.

Cook Kotel & Fitch, Richard K. Rediger, Denver, for Petitioners Associated Indemnity and The Salvation Army.

Law Firm of Mark Anderson, Mark Anderson, Pueblo, for Respondent in No. 95SC248.

Chief Justice VOLLACK delivered the Opinion of the Court.

We granted certiorari in *Jennie Romero v. Industrial Claim Appeals Office*, 902 P.2d 896 (Colo.App.1995), and *Dora Romero v. Industrial Claim Appeals Office*, No. 94CE0038 (Colo.App. Mar. 2, 1995), to determine whether section 8–42–111(5), 3B C.R.S. (1994 Supp.), which provides that permanent total disability benefits paid to workers' compensation claimants terminate when the claimant reaches the age of sixty-five, violates equal protection provisions of the federal and state constitutions. In both cases, the court of appeals held that section 8–42–111(5) is unconstitutional because it denies workers' compensation benefits to persons age sixty-five and older who are permanently and totally disabled while allowing all other persons who sustain work-related injuries to retain workers' compensation benefits. We consolidate these two cases for the purposes of this opinion, and affirm the court of appeals' decision that the classification in section 8–42–111(5) is not rationally related to any legitimate governmental purpose and thus violates

equal protection provisions of the state and federal constitutions.

## I.

### A.

Jennie Romero (Jennie) began working for Miller Stockman in 1989, when she was sixty-two years of age. On April 8, 1992, at age sixty-four, Jennie suffered a work-related injury. An administrative law judge (ALJ) found that Jennie, as a result of this injury, was permanently and totally disabled within the meaning of the Workers' Compensation Act. §§ 8–40–101 to –54–127, 3B C.R.S. (1991 Supp.). The ALJ concluded that Jennie would have been awarded permanent total disability benefits pursuant to section 8–42–111(1), 3B C.R.S. (1991 Supp.), but section 8–42–111(5) prevented her from receiving such benefits because she had reached the age of sixty-five on May 13, 1992.

The Industrial Claim Appeals Office (Panel) affirmed the ALJ's decision to deny permanent total disability benefits to Jennie, acknowledging that it was without authority to rule on the constitutionality of section 8–42–111(5). Jennie appealed to the court of appeals, which held that section 8–42–111(5) violates equal protection provisions of the state and federal constitutions.

### B.

Dora Romero (Dora) began working for the Salvation Army as a manager/cashier at the age of sixty-two. Dora worked for the Salvation Army for approximately two years when she suffered a work-related injury on September 2, 1991. An administrative law judge found that Dora had sustained a permanent total disability as a result of this injury. The ALJ ordered that the insurer pay to Dora permanent total disability benefits commencing on the date of maximum medical improvement and make a lump sum payment to Dora in the amount of $37,500.

The Panel affirmed the ALJ's determination that Dora was permanently and totally disabled. However, the Panel concluded that section 8–42–111(5) precluded the ALJ from awarding permanent disability benefits to Dora because she had reached age sixty-five at the time she was adjudicated as permanently and totally disabled. The Panel further determined that it lacked jurisdiction to rule on Dora's argument that section 8–42–111(5) violated her constitutional right to equal protection.

Dora sought review in the court of appeals, arguing that section 8–42–111(5) deprived her of equal protection in violation of the state and federal constitutions. The court of appeals adopted as dispositive its opinion in *Jennie Romero v. Industrial Claim Appeals Office,* 902 P.2d 896, in which it found section 8–42–111(5) to be unconstitutional on equal protection grounds.

## II.

Before July 1, 1991, the Workers' Compensation Act provided that "[i]n cases of permanent total disability, the award ... shall continue until death of such person so totally disabled." § 8–51–107, 3B C.R.S. (1986). Effective on July 1, 1991, the legislature terminated permanent total disability benefits for persons age sixty-five and older by enacting section 8–42–111(5), 3B C.R.S. (1991 Supp.), which provides:

> For injuries occurring on or after July 1, 1991, compensation [for permanent total disability] shall cease when the employee reaches the age of sixty-five years.

Then, effective on July 1, 1994, the legislature amended section 8–42–111(5) and restored permanent total disability benefits to persons age sixty-five and older. § 8–42–111(1), 3B C.R.S. (1995 Supp.). Thus, the statute at issue in the cases before us only applies to claimants who became permanently and totally disabled between July 1, 1991 and July 1, 1994. According to section 8–42–111(5), such claimants may not receive workers' compensation benefits for permanent and total disability after reaching age sixty-five.

Both claimants before us assert that section 8–42–111(5) violates the state and federal constitutional guarantees of equal protection of the laws. The Fourteenth Amendment to the United States Constitution states that "[n]o state ... shall deny

to any person within its jurisdiction the equal protection of the laws." The right to equal protection also finds support in the Due Process Clause of the Colorado Constitution. Colo. Const. art. II, § 25. When a statute is subject to an equal protection challenge, the level of judicial scrutiny varies with the type of classification utilized and the nature of the right affected. *Higgs v. Western Landscaping*, 804 P.2d 161, 164 (Colo.1991). Where a legislative classification does not involve a suspect class or an abridgement of a fundamental right triggering strict scrutiny, or where the classification is not a special one triggering an intermediate standard of review, an equal protection challenge must be analyzed under the rational basis standard of review. *Id.; Colorado Soc'y of Community & Institutional Psychologists, Inc. v. Lamm*, 741 P.2d 707, 711 (Colo.1987). Classifications based on age are not suspect or special warranting strict scrutiny or intermediate review, *Massachusetts Board of Retirement v. Murgia*, 427 U.S. 307, 313–14, 96 S.Ct. 2562, 2566–67, 49 L.Ed.2d 520 (1976), and the receipt of workers' compensation benefits is not a fundamental right, *Duran v. Industrial Claim Appeals Office*, 883 P.2d 477, 482 (Colo.1994). Thus, the rational basis test applies in determining whether an age-based classification for providing workers' compensation benefits violates equal protection guarantees of the federal and state constitutions.

■ Under the rational basis standard of review, a statutory classification will stand if it bears a rational relationship to legitimate governmental objectives and is not unreasonable, arbitrary, or capricious. *Higgs*, 804 P.2d at 164. In order to establish that a classification violates the equal protection provisions of the federal and state constitutions, the classification must arbitrarily single out a group of persons for disparate treatment and not single out for such treatment other persons who are similarly situated. *Id.*

### III.

■ The threshold issue is whether section 8–42–111(5) results in dissimilar treatment of similarly situated individuals. *Duran*, 883 P.2d at 481. The claimants in the cases before us argue that section 8–42–111(5) is unconstitutional because it denies workers' compensation benefits to persons age sixty-five and older who are permanently and totally disabled from work-related injuries, while allowing all other persons who sustain work-related injuries to retain workers' compensation benefits. For purposes of comparison, the persons who retain workers' compensation benefits include: (1) claimants under age sixty-five who receive permanent total disability benefits; (2) claimants of any age, including those age sixty-five and older, who receive permanent *partial* disability benefits; and (3) claimants of any age who receive permanent total disability benefits paid from the subsequent injury fund.[1] The court of appeals considered only the second category of comparison, and determined that the statutory provision unconstitutionally results in dissimilar treatment of similarly situated individuals because it eliminates workers' compensation for claimants age sixty-five and older who have sustained a permanent *total* disability, but retains benefits for claimants age sixty-five and older who have sustained a permanent *partial* disability.

We agree with the court of appeals and find that section 8–42–111(5) creates a discriminatory classification between permanently *totally* disabled workers age sixty-five and older and permanently *partially* disabled workers age sixty-five and older. In the cases before us, both Jennie and Dora are similarly situated to other permanently dis-

---

1. Although the court of appeals did not discuss the third category of comparison, we note that § 8–42–111(5) also creates a discriminatory classification among permanently and totally disabled workers age sixty-five and older. Under § 8–42–111(5), if a person is totally disabled from *one* job-related injury, that person is prevented from receiving total disability benefits once they reach age sixty-five. In contrast, pursuant to § 8–46–101(1)(b)(I), 3B C.R.S. (1995 Supp.), if a worker is determined to be totally disabled from *more than one* job-related injury, that worker receives total disability benefits from the subsequent injury fund until death, even if such person is age sixty-five or older. Thus, § 8–42–111(5) creates a discriminatory classification among similarly situated persons age sixty-five and older who are permanently and totally disabled.

abled claimants age sixty-five and older. Like permanently *partially* disabled claimants who are age sixty-five and older, both Jennie and Dora are disabled due to work-related injuries. Nevertheless, they are prevented from receiving disability benefits merely because they suffer from permanent *total* disabilities rather than permanent *partial* disabilities. Section 8–42–111(5) therefore results in dissimilar treatment of similarly situated individuals.

### IV.

We now turn to the question whether section 8–42–111(5) is rationally related to a legitimate governmental purpose. If any conceivable set of facts would lead to the conclusion that a classification serves a legitimate purpose, a court must assume those facts exist. *Kinterknecht v. Industrial Comm'n,* 175 Colo. 60, 66, 485 P.2d 721, 724 (1971). The petitioners have asserted two governmental purposes for the classification found in section 8–42–111(5). The first asserted purpose is that excluding persons age sixty-five and older who are permanently and totally disabled prevents them from receiving duplicate benefits from the Social Security Administration and from Colorado's Compensation Insurance Authority. The second asserted purpose is that the classification in section 8–42–111(5) is a "trade-off" for a cost of living increase for other workers' compensation benefit recipients who are permanently and totally disabled, and that the classification was created to reduce costs. As discussed below, we find that neither of these asserted purposes is rationally related to the classification created by section 8–42–111(5).

### A.

■ As a preliminary matter, the petitioners assert that age-based classifications are rational as a matter of law. Although several United States Supreme Court cases have held that certain age classifications do not violate equal protection guarantees of the United States Constitution,[2] these decisions have not held that age discrimination in disability benefits is always presumed rational under the equal protection clause of the Fourteenth Amendment. Instead, in each case, the United States Supreme Court held that the state acted rationally in excluding persons over a particular age from a particular category of government employment because the state had an interest in ensuring that the most capable person assume such employment.[3] These United States Supreme Court cases are distinguishable from the instant cases and do not dictate our analysis because the issue before us does not involve the capacity of certain persons to be employed by the government or other employer. Instead, because there is no presumption that age discrimination in disability benefits is rational under the equal protection clause, we must determine whether such discrimination is rationally related to the asserted governmental purposes.

### B.

■ The petitioners first contend that section 8–42–111(5) is intended to prevent duplication of benefits. If prevention of duplicate benefits is the governmental purpose for the classification found in section 8–42–111(5), then the statute is not rationally related to its purpose because social security retirement benefits do not serve the same purpose as workers' compensation benefits. Social security retirement benefits are provided to persons over age sixty-five regardless of injury, as long as the recipient has reached the statutory age after having been employed and having contributed to the Social Security Trust Fund. 42 U.S.C. § 1382 (1994). These benefits are not disability benefits, but are old-age entitlements serving the same

**2.** *See Gregory v. Ashcroft,* 501 U.S. 452, 111 S.Ct. 2395, 115 L.Ed.2d 410 (1991); *Vance v. Bradley,* 440 U.S. 93, 99 S.Ct. 939, 59 L.Ed.2d 171 (1979); *Massachusetts Bd. of Retirement v. Murgia,* 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976).

**3.** In *Gregory,* the Court held that Missouri could require state judges to retire at age 70. In *Vance,* the Court held that the federal government could require foreign service officers to retire at the age of 60. In *Murgia,* the Court held that Massachusetts could bar persons over 50 years of age from being policemen.

function as pension payments.[4] In contrast, workers' compensation benefits are provided to compensate employees who suffer work-related injuries for loss of income resulting from such injuries. Workers' compensation benefits are paid from insurance provided by employers in exchange for the employee's forbearance from suing the employer in tort. *Kandt v. Evans*, 645 P.2d 1300, 1302 (Colo. 1982). Thus, withholding workers' compensation benefits from persons age sixty-five and older because they presumably receive retirement benefits is not rationally related to the goal of preventing duplicate benefits because workers' compensation benefits do not serve the same purpose as retirement benefits. *Accord Sasso v. Ram Property Management*, 431 So.2d 204, 218–19 (Fla. Dist.Ct.App.1983).[5]

Furthermore, the petitioners argue that the legislature is entitled to make reasonable distinctions in economic and social welfare programs for the sake of administrative convenience. However, both the state and federal constitutions forbid the legislature from excluding an otherwise eligible class of persons from compensation for job-related injuries simply for the sake of an administratively convenient presumption.[6] We discussed this principle in *Stevenson v. Industrial Commission*, 190 Colo. 234, 545 P.2d 712 (1976),[7] in which we concluded that administrative convenience is not sufficient to override a workers' compensation claimant's right to equal protection guarantees of the state and federal constitutions. We held in that case:

> The administrative convenience to the state of being able to screen out large numbers of potential applicants [who would not be eligible for benefits] … does not justify denial of an opportunity to those [who would be eligible for benefits]…. [T]he denial of benefits to a class of workers indistinguishable on the basis of relevant considerations from a class of workers who are granted benefit denies [the excluded workers] equal protection of the law.

*Id.* 545 P.2d at 716 (citations omitted). Like the statute at issue in *Stevenson*, section 8–42–111(5) screens out large numbers of potential applicants who would not be eligible for benefits, but does so by excluding substantial numbers of persons who would be eligible for benefits. The legislature is not justified in eliminating workers' compensation benefits for all persons age sixty-five and older who have been permanently and totally disabled merely based on the administratively convenient presumption that such persons receive retirement benefits. Therefore, section 8–42–111(5) impermissibly denies persons age sixty-five and older equal protection of the laws for mere administrative convenience.

We conclude that discrimination against persons age sixty-five and older who are permanently and totally disabled from a work-related injury is not rationally related

---

4. Even if social security old age benefits are construed to be a replacement for wage loss resulting from advanced age, then preventing double recovery of old age benefits and permanent total disability benefits is already achieved by § 8–42–103(1)(c)(II), 3B C.R.S. (1995 Supp.), which deducts the value of the social security old age benefit from the award for workers' compensation benefits.

5. Moreover, the assertion that § 8–42–111(5) prevents double recovery of benefits is invalid because many persons age sixty-five and older do not receive social security benefits, or receive benefits that are too meager to permit them to quit working. The record before us indicates that Dora does not receive any social security benefits and that Jennie receives social security benefits insufficient to be a sole source of income.

6. The presumption is that persons age sixty-five and older who suffer permanent total disabilities do not suffer any wage loss because such persons receive retirement benefits.

7. In *Stevenson*, the claimant was totally disabled by silicosis after working in Colorado for three years and eight months. The referee denied the claimant's claim for disability benefits because the statute at issue required that benefits be withheld unless the claimant had been exposed to silicon dust in Colorado for five years. We acknowledged in that case that the statutory five-year exposure requirement justifiably eliminated many claims in which there was no causal connection between the employment and the disease. *Stevenson*, 190 Colo. at 238, 545 P.2d at 716. Nevertheless, we also determined that the category of persons excluded by the statutory provision included persons whose exposure for less than five years caused the disease. *Id.*

to the asserted purpose of preventing duplicative benefits. The irrationality of section 8–42–111(5) is illustrated by the statute's own provisions. Section 8–42–111(5) allows persons age sixty-five and older to collect workers' compensation if those persons are temporarily or partially disabled. The statute bars persons age sixty-five and older from recovering workers' compensation benefits only if those persons are permanently and totally disabled. This discriminatory classification belies the justification for section 8–42–111(5) proffered by the insurer.

According to the insurer, persons age sixty-five and older are rationally excluded from workers' compensation because such persons would have likely retired even if they had not been injured. Even assuming that such a presumption is rational, it is then irrational to allow persons age sixty-five and older who are temporarily or partially disabled to collect workers' compensation because such persons are no less likely to retire at age sixty-five than those who are permanently and totally disabled. The irrationality of this classification is further buttressed by the fact that partially disabled persons can recover workers' compensation benefits even if they voluntarily retire after being injured. *State Compensation Ins. Auth. v. Industrial Claim Appeals Office,* 786 P.2d 423, 425 (Colo.App.1989).[8]

For the foregoing reasons, we agree with the court of appeals that if the purpose of section 8–42–111(5) is to prevent the receipt of duplicative benefits, then the classification created by the statute is not rationally related to that purpose.

## C.

The petitioners' second asserted legislative purpose underlying section 8–42–111(5) is that the statute's classification is a "trade-off" for a cost of living increase for other workers' compensation recipients who are permanently and totally disabled, and

that the classification was created to reduce costs. Specifically, the insurer maintains that the statute provides a two percent cost of living increase for permanent total disability claimants under the age of sixty-five in exchange for eliminating benefits to permanent total disability claimants age sixty-five and older. The court of appeals determined, however, that such a purpose cannot be achieved by arbitrarily denying benefits to one class of workers while providing such benefits to other workers. We agree.

As discussed above, the legislature is prohibited from passing legislation which excludes an otherwise eligible class of persons from permanent disability benefits for job-related injuries when similarly situated persons do not receive similar treatment. *Stevenson,* 190 Colo. at 238, 545 P.2d at 716; *Higgs,* 804 P.2d at 164. Moreover, funding overall cost-of-living increases for other workers' compensation recipients by eliminating benefits for permanently and totally disabled persons age sixty-five and older is arbitrary, unfair, and irrational. *See Stephenson v. Sugar Creek Packing,* 250 Kan. 768, 830 P.2d 41, 49–50 (1992). We therefore find that the asserted governmental purpose of providing a cost of living increase for workers' compensation recipients by eliminating permanent and total disability benefits for claimants age sixty-five and older bears no rational relationship to the classification found in section 8–42–111(5).

In summary, even if we assume that preventing duplication of benefits and reducing the cost of workers' compensation insurance are legitimate governmental purposes, section 8–42–111(5) is not rationally related to achieving those purposes because it eliminates benefits for totally disabled claimants who are age sixty-five or older, but provides such benefits for partially disabled claimants of the same age. Such disparate treatment of similarly situated individuals violates the

---

8. Moreover, the statutory classification singles out the most seriously injured persons and excludes them from workers' compensation, while continuing to compensate those workers who are less seriously injured. The Colorado Court of Appeals recently ruled that an interpretation of

the Workers' Compensation Act that results in claimants who are less seriously injured receiving more compensation than those who are more seriously injured is unjust. *McKinley v. Bronco Billy's,* 903 P.2d 1239, 1242 (Colo.App.1995).

equal protection guarantees of the state and federal constitutions and cannot be upheld.[9]

## V.

Our holding in this case does not conflict with our opinion in *Duran v. Industrial Claim Appeals Office*, 883 P.2d 477 (Colo. 1994). In *Duran*, we found that the provisions of sections 8–42–101 to 8–47–209, 3B C.R.S. (1994 Supp.), survived an equal protection challenge in establishing two different formulas for calculating workers' compensation benefits for permanent partial disability resulting from injuries to (1) the extremities, or (2) the trunk of the body. We concluded in *Duran* that the classification drawn between injuries to the extremities and injuries to the trunk of the body is rational and that the imposition of a fixed schedule for determining an award of benefits is rationally related to the governmental interest in providing efficient and fair benefits. *Id.* at 485.

In contrast, section 8–42–111(5) terminates disability benefits for injured employees age sixty-five and older who have suffered permanent total disabilities while continuing disability benefits for all other claimants. Because the classification created by the *Duran* statute and the one created by section 8–42–111(5) are not comparable, *Duran* has limited precedential value in the current case. Contrary to the insurer's assertion, *Duran* does not stand for the proposition that each time the legislature decides to deny, restrict, or change benefits for claimants who have different disabilities, such legislative action is insulated from constitutional scrutiny. Instead, *Duran* merely holds that under an equal protection analysis, a particular provision of the Workers' Compensation Act passes constitutional scrutiny if it is rationally related to a legitimate governmental interest. Our equal protection analysis of section 8–42–111(5) pursuant to a rational basis standard of review is therefore consistent with our decision in *Duran*.

## VI.

We hold that section 8–42–111(5) is unconstitutional because it denies workers' compensation benefits to persons age sixty-five and older who are permanently and totally disabled while allowing all other persons who sustain work-related injuries to retain workers' compensation benefits. Such a classification is not rationally related to any legitimate governmental purpose and therefore violates equal protection guarantees of the state and federal constitutions. We affirm the court of appeals.

ERICKSON, J., does not participate.

---

9. Additionally, the elimination of the right of persons age sixty-five and older to receive workers' compensation for permanent total disability is improper because it is contrary to the workers' compensation scheme. Pursuant to § 8–41–102, 3B C.R.S. (1995 Supp.), an employer who obtains workers' compensation insurance is not subject to tort claims brought by injured workers for work-related injuries. In exchange, employers assume liability for such injuries irrespective of fault. Consequently, while § 8–41–102 abolishes the injured worker's common law right to bring a tort action against his or her employer, § 8–42–111(5) eliminates compensation for claimants age sixty-five and older who suffer permanent and total disability. These two provisions together release employers and their insurers from liability for employees age sixty-five and older who sustain permanent and total work-related injuries, no matter how negligent the employer may have been. Such a result cannot be supported.

In *Kandt v. Evans*, 645 P.2d 1300 (Colo.1982), we held that the Workers' Compensation Act was constitutional in its elimination of workers' common law rights "as long as an adequate statutory remedy is supplied." *Id.* at 1306. Thus, § 8–42–111(5) is unconstitutional because it deprives claimants age sixty-five and older with permanent and total disabilities of an adequate statutory remedy to replace their common law rights that were abolished by the Workers' Compensation Act.