718 A.2d 262

PATRICIA HAYNES, PLAINTIFF, v. ETHICON, MONMOUTH MEDICAL CENTER, JOSEPH F. MARINO, D.O., AUDREY L. SORENSEN, R.N. & ROBERT A. GRAEBE, DEFENDANTS.

Superior Court of New Jersey
Law Division
Monmouth County

Decided July 10, 1998.

*Douglas J. Gatta*, Esq. Attorney for Plaintiff (Abrams, Gatta, Falvo & Sevrin, P.C.).

*Michaela O'Brien*, Esq., for Ethicon (Shanley & Fisher).

*James M. Ronan, Jr.*, Esq., for Monmouth Medical Center (Ronan, Tuzzio & Giannone).

*Joseph A. DiCroce*, Esq., for Audrey L. Sorensen, R.N. (Di-Croce & Maggs.)

*Richard A. Amdur*, Esq., for Joseph F. Marino, D.O. (Amdur, Boyle & Maggs).

*John R. Orlovsky*, Esq., for Robert A. Graebe, M.D. (Orlovsky, Moody, Schaaff & Gabrysiak).

LEHRER, J.S.C.

## *FACTS*

In this medical malpractice and products liability case, plaintiff's experts, Dr. Malcom T. Rogers, a psychiatrist, and Dr. David C. Brewster, a vascular surgeon, are located in Boston, Massachu-

setts. The defendant, Ethicon Endo–Surgery, Inc., subpoenaed the depositions of these doctors. At a case management conference, plaintiff requested that these experts be deposed by way of live video conference. Defendant Ethicon objected to that form of deposition, claiming it had the right to be physically present at the same place with the witness. Thereafter, plaintiff filed a formal motion to permit the deposition of the experts by video conferencing pursuant to *R.* 4:14–7(b)(2). Plaintiff argues such procedure meets the requirement of "producing the witness" in New Jersey as set forth in *R.* 4:14–7(b)(2)(b).

The proposed video conferencing system permits people located at various sites to be able to connect via video and voice broadcast for meetings and other activities. The system offers a network of more than 200 public rooms, at approximately 150 sites in the United States. There are facilities available both in New Jersey and in Boston, Massachusetts to accomplish the depositions.

Plaintiff proposes to rent one of the public rooms with video conferencing equipment in New Jersey for the attorneys attending the deposition and another in Boston, Massachusetts for the expert witnesses. Under the proposal, the attorneys and the witnesses would be able to see each other and talk directly to each other. A shorthand reporter would be hired in Massachusetts or New Jersey to create the official written record of the deposition.

Documentation in support of this motion indicates the video conferencing systems have been used by or in conjunction with proceedings in the courts of Washington, D.C.; Norfolk, Virginia; Indianapolis, Indiana; Alexandria, Virginia; U.S. Bankruptcy Court in Washington, D.C. and Austin, Texas; U.S. Court of Appeals in Philadelphia and Pittsburgh; U.S. District Court of New York; and the Second Court of Appeals in New York, NY.

Exhibits to the motion indicate that video conferencing is being routinely used by the legal profession in this and other jurisdictions for depositions (by consent), client/witness interviews, pretrial preparation of witnesses, expert consultations, and interoffice communications and meetings. The unrefuted documenta-

tion further shows video conferencing to be an economical alternative to travel for attorneys taking out of town depositions. A cost analysis indicates a video conference or video conference deposition to be approximately one-third the cost of the traditional method.

In Richard D. Marks, *Futuredocs: The Video Revolution in Briefs, Contracts and Wills,* 79 *A.B.A.J.* 52 (August, 1993), it is projected that video will become routine in the legal profession as pentium-class workstations fall in price, and pentium-class chips permit video to be transferred to a disk or **CD–ROM** and then displayed on a computer screen.

The American Bar Association has been using Ambar, a computer based information retrieval system which provides access to many products of the American Bar Association, including the products, publications and activities of its entities. Ambar also has the ABA/NET, which will make available such capabilities as electronic mail, on-line conferencing, on-line bulletin boards and other data bases important to lawyers. The New Jersey State Bar Association and the New Jersey Courts have similar services. Interactive video law seminars are now available which use video teleconferencing equipment to allow viewers at various locations to communicate directly to CLE program faculty following the tape presentations.

In *ABA: Bringing Technology to the Legal Profession,* 70 *A.B.A.J.* 67 (January, 1984), the possibility that electronic communications technology may permit the nationwide practice of law by thousands of lawyers who heretofore have been restricted by time, capital, travel and other legal constraints from communicating with clients outside their immediate geographical and jurisdictional limits is discussed. It is thought that such communications technology may tie the courts and the bar together electronically so that attorneys in two different cities can present arguments to a judge in a third city without the delay and costs of having to meet at the same time and at the same place.

Telephone conferencing, telephone motions, and videotape testimony at trial have become routine in New Jersey as a cost and time saving accommodation to attorneys, litigants and the court.

The legal profession and the court must keep up with society and the business community by utilizing technological and electronic advancements to better serve clients, litigants, and keep up with competition. Rapid adjustment to innovation and technology is essential to do justice at a reasonable cost. The legal profession can not stay idle when technology moves forward. The court and the legal profession must be permitted to take advantage of technological advancements that are both economically beneficial and time effective, provided such use will not prejudice the parties involved or the search for the truth.

The defendants will not be prejudiced by the taking of a video conference deposition of the expert witnesses. They will be permitted to look directly at and speak directly to the experts, although they are located in another city, while the experts look directly at and speak directly to them. The attorney for the defendant can receive a certified copy of plaintiff's expert file prior to the deposition so that it can be pre-marked for use at the deposition and used to question the expert. Exhibits can be marked and shown to the witnesses by video camera.

*R.* 4:14–7(b)(2) provides:

... if the expert or treating physician does not reside or work in New Jersey, the proponent of the witness shall either (a) *produce the witness,* at the proponent's expense in the county in which the action is pending or such other place in New Jersey upon which all parties shall agree, or (b) pay all reasonable travel and lodging expenses incurred by all parties in attending the witness' out of state deposition, unless otherwise ordered by the court. (Emphasis added)

■ Clearly, plaintiff has the duty to **produce the witness** at the plaintiff's own expense as these are plaintiff's experts and they are located outside the State of New Jersey. **Produce** is defined as: "to bring forward; to show or exhibit; to bring into view or notice ..." *Black's Law Dictionary*, 1089 (5th ed.1979); "to offer to view or notice; exhibit ..." *Webster's Ninth New Collegiate*

*Dictionary,* 938 (1985). It is clear that by having the plaintiff's experts available for deposition by video conferencing, the plaintiff is producing the witnesses pursuant to *R.* 4:14–7(b)(2), as both the defendants and the experts will be able to see and speak directly to each other.

The economic reality of modern litigation must be considered. Excessive costs and resource inequity must be addressed by the courts to insure justice. It is less costly to have the video conferencing deposition than to pay all reasonable travel expenses for the parties to travel to Massachusetts to attend the witness' out of state deposition, or to pay for the doctor to be flown to New Jersey and stay at a hotel. In addition, less time will be lost from the doctors' practice and their main vocation of treating patients.

Various states, including New Jersey, have permitted closed circuit television testimony for in-court proceedings.

In the case of *State v. Sheppard,* 197 *N.J.Super.* 411, 484 *A.*2d 1330 (Law Div.1984), the court held that the use of closed circuit television testimony of a child victim would be permitted. In that case, the defendant was indicted for sexual assault on a child. The state made a motion to present the testimony of the ten year old victim through the use of video equipment. The court found that the planned video arrangement for presenting the testimony of the child was constitutional and would be permitted. The court explained that the child, through the use of a video, would not have to look at the defendant, the judge and the jury would be able to hear the child's testimony and that an adequate opportunity for cross-examination would be provided. The court further expressed the view that, "no case has held eye contact to be a requirement." It is not demanded that a witness "confronts" a defendant in the courtroom. Similarly, the defendants in this matter will not be prejudiced by a video conferencing deposition.

The motion to permit the video conferencing deposition of the plaintiffs out of state experts is ***granted.*** The defendants may

require the deposition to take place in New Jersey or Massachusetts should they choose to pay the cost differential.