Phyllis KROUPA, Petitioner,

v.

INDUSTRIAL CLAIM APPEALS OF-
FICE OF THE STATE OF COLORADO,
Mercy Medical Center, and Sedgwick
James, Ltd., Respondents.

No. 01CA2088.

Colorado Court of Appeals,
Div. IV.

July 18, 2002.

Dawes and Harriss, P.C., Elizabeth E. Salkind, Durango, for Petitioner.

Ken Salazar, Attorney General, John D. Baird, First Assistant Attorney General, Denver, Colorado, for Respondent Industrial Claim Appeals Office.

Dworkin, Chambers & Williams, P.C., Gregory K. Chambers, Denver, Colorado, for Respondents Mercy Medical Center and Sedgwick James, Ltd.

Opinion by Judge VOGT.

In this workers' compensation proceeding, Phyllis Kroupa (claimant) seeks review of the final order of the Industrial Claim Appeals Office (Panel) upholding the denial by Mercy Medical Center, and its insurer, Sedgwick James, Ltd. (collectively employer), of her request for additional knee surgery. She argues that her constitutional and statutory rights were violated because the hearing before the Administrative Law Judge (ALJ) was conducted by means of video teleconferencing. She also contends that the ALJ abused her discretion in finding that the surgery was neither reasonable nor necessary. We affirm.

Claimant sustained a compensable injury to her knee in 1994. She has received extensive treatment for the injury, including multiple surgical procedures for which employer paid. In September 1999, she requested authorization for a third arthroscopic surgical procedure to remove scar tissue. Employer refused the request. Claimant went forward with the procedure and commenced this proceeding for reimbursement.

At claimant's request, the matter was initially set for hearing in Durango, Colorado. The hearing was reset for that location on subsequent dates in response to requests for continuances. Finally, over claimant's objection, an evidentiary hearing by video teleconferencing was held. Claimant and her counsel participated from Durango, and employer's counsel participated from the ALJ's Denver location. Claimant was the only witness at the hearing.

Crediting the deposition testimony of employer's expert and the medical records introduced at the hearing, the ALJ concluded that the additional surgery was not necessary or reasonable and that employer had therefore properly refused authorization.

On review, the Panel upheld the use of the video teleconferencing and the ALJ's determination that claimant was not entitled to compensation for the surgery.

## I.

Claimant first contends that the use of video teleconferencing for the hearing was not authorized under the Workers'. Compensation Act (Act), § 8–40–101, et seq., C.R.S. 2001, and violated her due process and equal protection rights. We disagree.

### A.

Section 8–43–201, C.R.S.2001, vests the director of the division of workers' compensation and the ALJs with original jurisdiction to hear and decide all matters arising under the Act. The director may adopt rules governing hearings as long as the rules adopted do not limit the jurisdiction granted to ALJs. Section 8–47–107, C.R.S.2001.

■ Nothing in the Act or the director's adjudication rules prohibits the ALJ from conducting a hearing through the use of video teleconferencing. Nor is there any provision requiring the physical presence of a testifying witness. *Cf. Barnes v. Colo. Dep't of Revenue*, 23 P.3d 1235 (Colo.App.2000) (setting aside driver's license revocation where arresting officer had testified via two-way video link, but statute required officer's physical presence at hearing if driver requested it).

On the contrary, the rules provide that testimony may be presented by telephone and that such testimony is presumed to be the equivalent of in-person hearing testimony. Dep't of Labor & Employment Rule VIII(I)(7), 7 Code Colo. Regs. 1101–3. The rules of civil procedure, which apply to these administrative proceedings unless they are inconsistent with the Act, *see Renaissance Salon v. Indus. Claim Appeals Office*, 994 P.2d 447 (Colo.App.1999), also provide for the presentation of testimony by telephone or videophone. *See* C.R.C.P. 43(i).

■ Claimant argues that conducting the hearing by video teleconferencing was improper because the division did not first comply with the rulemaking procedures in § 24–4–103, C.R.S.2001. However, there is nothing in the record to indicate that the procedure used here represented a departure from the ordinary practice of the division of administrative hearings or a reinterpretation of existing rules that was sufficiently substantial to require compliance with § 24–4–103.

In addition, claimant characterizes the video hearing as amounting to an improper change of venue. However, even assuming that the procedure used can be characterized as a change of venue, the location of a hearing can be moved by order of an ALJ for good cause shown. Dep't of Labor & Employment Rule VIII(B)(3), 7 Code Colo. Regs. 1101–3. Because the record contains nothing to indicate the reasons for the change, we must presume that the division acted for a valid reason in determining that the hearing would be held by video teleconferencing. *See May v. Colo. Civil Rights Comm'n*, 43 P.3d 750 (Colo.App.2002)(administrative body is presumed to act fairly, with proper motives, and upon valid reasons in carrying out its statutory responsibilities). Further, claimant has not alleged, and the record affords no basis for concluding, that she was precluded from personally appearing before the ALJ in Denver had she elected to do so.

Consequently, on the record presented, we cannot conclude that the division acted either contrary to law or in violation of its own rules in determining that the hearing would be conducted by video teleconferencing.

### B.

We also find no violation of claimant's constitutional rights to due process and equal protection of the laws.

### 1.

The requirements of procedural due process apply if there has been a deprivation of a liberty or property interest. *Carlson v. Indus. Claim Appeals Office*, 950 P.2d 663 (Colo.App.1997). Under the Act, a claimant possesses a property interest in receiving workers' compensation benefits. However, that interest is limited and does not include an interest in receiving medical care from a particular provider or in receiving a particular type of treatment. *Colo. Comp. Ins. Auth. v. Nofio*, 886 P.2d 714 (Colo.1994).

The claimant's interest is in receiving fair consideration of his or her claim. The state's primary interest is in providing a comprehensive and predictable scheme that speedily resolves questions of job-related injuries and fixes employer liability in a way that allows employers to obtain insurance. *Wecker v. TBL Excavating, Inc.*, 908 P.2d 1186 (Colo.App.1995); *see also* § 8–40–102, C.R.S.2001 (intent of Act is to assure quick and efficient delivery of benefits to injured workers at reasonable cost to employers).

Due process is a flexible standard that calls for no specific procedure as long as the basic opportunity for a hearing and judicial review is present. *Wecker v. TBL Excavating, Inc., supra.* When an administrative adjudication turns on questions of fact, due process requires that the parties be apprised of all the evidence to be submitted and considered and that they be afforded a reasonable opportunity to confront adverse witnesses and to present evidence and argument in support of their positions. *Hendricks v. Indus. Claim Appeals Office*, 809 P.2d 1076 (Colo.App.1990).

Divisions of this court have held in workers' compensation cases that due process is satisfied if the hearing officer either reads a transcript of testimony or hears live testimony. *See Walton v. Indus. Comm'n*, 738 P.2d 66 (Colo.App.1987); *Ski Depot Rentals, Inc. v. Lynch*, 714 P.2d 516 (Colo.App.1985). Under these decisions, a due process violation cannot arise from the mere fact that a claimant did not have the opportunity to testify in person in the presence of the ALJ.

Claimant nevertheless maintains that the use of video teleconferencing deprived her of a fair hearing because (1) the evidence she presented did not have the same persuasive effect as if it had been presented in person; (2) technical problems disrupting the video transmission impaired her ability to carry the burden of proof; and (3) the fact that only the videotape made at the Denver location, and not the Durango videotape, became part of the record rendered the record inadequate to depict exactly what she and her counsel saw and heard and, thus, what they might have missed. We are not persuaded.

Claimant's testimony was the only "live" testimony taken at the hearing. The ALJ expressly rejected claimant's suggestion that

in-person testimony would be more persuasive, noting that, in her experience with video conferencing and telephone testimony, "credibility and persuasiveness ... is not determined by who is present in the room with me." Further, the video teleconferencing technology was superior to that used in telephone hearings, in that it allowed the ALJ not only to hear claimant's inflection, but also to see her expression and gestures.

Finally, although employer's counsel was present in the room with the ALJ, he offered no testimony and conducted only a brief cross-examination of claimant. In sum, there is no basis in the record for concluding that claimant was disadvantaged by not being at the same location as the ALJ.

Our review of the transcript and the videotape also confirms that, despite the technical difficulties, claimant was accorded a full and complete opportunity to testify regarding the details of her injury and her extensive medical history. Whenever the proceedings became inaudible, the ALJ directed that the question or comment be repeated. Claimant's testimony was responsive to the questions asked and did not appear confused or reflect any chronological gaps in her narrative. The transmission clearly conveyed claimant's description of the pain she had experienced at various stages of her treatment and the level of relief she gained with each surgery, including the surgical procedure at issue in this proceeding.

■ Nor is the record insufficient for appellate review simply because it does not include the videotape made at the Durango location. Claimant was informed at the hearing that she could make her own videotape but that the Denver tape would be the only official record from which a transcript for appeal would be made. *See* Dep't of Labor & Employment Rule VIII(J)(1), 7 Code Colo. Regs. 1101–3 (testimony may be taken down by reporter or electronically recorded; if hearing is recorded by more than one method, ALJ designates at time of hearing which will be the source for transcript on appeal). As noted, the Denver videotape and the transcript of it do not reflect any gaps in the proceedings, and claimant offers nothing to support her speculation that that videotape

and transcript do not accurately depict the proceedings.

Use of video teleconferencing afforded claimant a reasonable opportunity to present evidence and argument in support of her position, while at the same time furthering the state's interest in speedy and efficient resolution of workers' compensation claims. *See Wecker v. TBL Excavating, Inc., supra.* Further, neither the technical difficulties nor the absence of a second videotape deprived her of a fair hearing or of judicial review.

Under these circumstances, we are satisfied that claimant's due process rights were not violated by the hearing procedure used here.

We note that our conclusion is consistent with the holdings of courts that have addressed the use of videoconferencing technology in other types of proceedings. *See United States v. Baker,* 45 F.3d 837 (4th Cir.1995) (videoconference procedure for civil commitment hearing did not violate constitutional due process protections, even when used over objection, in light of slight risk of erroneous committal and government's substantial fiscal and security interests); *Larose v. Superintendent,* 142 N.H. 364, 702 A.2d 326 (1997)(use of video teleconferencing in arraignments and bail hearings did not violate due process); *see also Haynes v. Ethicon,* 315 N.J.Super. 338, 718 A.2d 262 (1998)(permitting plaintiff to depose out-of-state experts by videoconferencing over defendant's objection; procedure satisfied requirement that witnesses be produced in-state and did not prejudice defendant).

2.

■ We similarly reject claimant's contention that the use of video teleconferencing violates equal protection guarantees by treating injured workers differently depending upon the area of the state in which they reside.

To determine whether a statute operates to deny equal protection of the laws, a court must determine at the outset the level of scrutiny to be applied. If a fundamental right or a suspect class is involved, a strict scrutiny analysis is applied, under which the

statute must be supported by a compelling state interest. In most other cases, a rational basis test applies, and the statute will be upheld if it bears a rational relationship to legitimate governmental objectives and is not unreasonable, arbitrary, or capricious. *Indus. Claim Appeals Office v. Romero,* 912 P.2d 62 (Colo.1996); *Collins v. Jaquez,* 15 P.3d 299 (Colo.App.2000).

 Classifications based on place of residence are not suspect, and receiving workers' compensation benefits is not a fundamental right. Thus, the rational basis test applies here. *See Indus. Claim Appeals Office v. Romero, supra.*

Under rational basis review, the threshold issue is whether the challenged procedure results in dissimilar treatment for similarly situated individuals. *See Culver v. Ace Elec.,* 971 P.2d 641 (Colo.1999).

Here, although claimant appears to assume that video teleconferencing is used more frequently in cases where a claimant lives far from Denver, she offers no support for this assumption. Moreover, even if we were to assume that such is the case, the potential fiscal savings and increased efficiency arising from the use of video teleconferencing amounts to a legitimate governmental purpose for instituting this procedure and therefore satisfies the rational basis test.

Thus, the use of the video teleconferencing procedure did not violate claimant's equal protection rights.

## II.

Claimant next contends that the Panel erred in upholding the ALJ's determination that the surgical procedure was neither reasonable nor necessary. We disagree.

 It is for the ALJ to resolve conflicts in the evidence, make credibility determinations, determine the weight to be accorded to expert testimony, and draw plausible inferences from the evidence. Like the Panel, we must uphold the ALJ's determination of factual issues if it is supported by substantial evidence in the record. Section 8–43–308, C.R.S.2001; *Wal–Mart Stores, Inc. v. Indus. Claims Office,* 989 P.2d 251 (Colo.App.1999); *see also Rockwell Int'l v. Turnbull,* 802 P.2d 1182 (Colo.App.1990).

 We agree with the Panel that the opinion of employer's medical expert fully supports the ALJ's determination that the surgery was not reasonable or necessary. Claimant's testimony and the contrary opinion of her medical expert, on which claimant relies, did not compel the ALJ to reach a different conclusion. Further, contrary to claimant's contention, the absence of a reference by the ALJ to her testimony concerning her pain relief does not establish that the ALJ ignored pain relief as a valid reason for medical care. *See Magnetic Engineering, Inc. v. Indus. Claim Appeals Office,* 5 P.3d 385 (Colo.App.2000)(ALJ must make specific findings only as to evidence found persuasive and determinative and is under no obligation to address every issue raised or evidence considered unpersuasive).

The order is affirmed.

Judge NEY and Judge ROTHENBERG concur.