**The PEOPLE of the State of Colorado,
Plaintiff–Appellee,**

**v.**

**Bradley John HERRON,
Defendant–Appellee,**

**and Concerning Sarah Jane
Gansz, Appellant.**

**No. 93CA0702.**

Colorado Court of Appeals,
Div. C.

Nov. 18, 1993.

As Modified on Denial of Rehearing
Jan. 20, 1994.

Certiorari Granted June 6, 1994.

David J. Thomas, Dist. Atty., Donna Skinner Reed, Chief Appellate Deputy Dist. Atty., Golden, for plaintiff-appellee.

Terri Harrington, Denver, for defendant-appellee.

The Law Firm of Lanphere and Urbaniak, Gregory S. Lanphere, Colorado Springs, for appellant.

Opinion by Judge RULAND.

Sarah Jane Gansz filed a notice of appeal from a judgment dismissing criminal charges against defendant, Bradley John Herron. In response to a motion to dismiss filed by the People and joined by the defendant, this court dismissed the appeal. Gansz then filed the motion now at issue to vacate the dismissal, asserting that the order was premature and that she has standing as the victim of the alleged offense to appeal the dismissal of criminal charges. Having considered additional legal argument submitted by the parties, we conclude that Gansz lacks standing to pursue the appeal and we therefore deny the motion to vacate the order of dismissal.

The record reflects that, in August 1992, defendant was charged with second degree assault in violation of § 18-3-203, C.R.S. (1986 Repl.Vol. 8B). In February of 1993, the district attorney filed a motion to dismiss the case asserting that the charges could not be proven beyond a reasonable doubt. The trial court granted the motion.

Claiming to be the victim of the alleged offense, Gansz addressed the court by letter protesting dismissal of the charges. The court therefore vacated its order and scheduled a hearing on the district attorney's motion. Gansz was notified as to the date and time of the hearing.

At the hearing, the trial court confirmed its entry of a prior order quashing subpoenas issued by Gansz directed to two of the investigating officers. The court also entered an order quashing a third subpoena to another officer. The court ruled that Gansz did not have legal standing to present evidence or to appear formally by counsel and present argument at the motion hearing.

The prosecuting attorney then described for the court the extent of the investigation into the alleged offense and the reasons why he concluded that the charges could not be proved beyond a reasonable doubt.

The court concluded that no abuse of discretion by the prosecution appeared in its decision to dismiss the charges and that, therefore, the court had no authority to deny the motion. The court confirmed its prior ruling that Gansz lacked standing to chal-

lenge the prosecuting attorney's decision in this proceeding. In addition, the court noted that any disagreement in this regard should be resolved by proceedings undertaken pursuant to § 16–5–209, C.R.S. (1986 Repl.Vol. 8A) to determine whether the prosecuting attorney's decision could be characterized as arbitrary or capricious. However, for purposes of making a record, Gansz was allowed to address the court concerning her objections to the prosecuting attorney's decision.

Gansz contends that, pursuant to an amendment to the Colorado Constitution adopted in 1992, as implemented by §§ 24–4.1–101, et seq., C.R.S. (1993 Cum.Supp.), she has legal standing to pursue this appeal of the trial court's ruling. We disagree.

■ In order to establish legal standing, Gansz must demonstrate both injury in fact and injury to a legally protected interest. *Conrad v. City & County of Denver,* 656 P.2d 662 (Colo.1982).

Even if we assume that Gansz has suffered an injury in fact, we are unable to conclude that the 1992 amendment confers legal standing upon her to appeal the trial court's ruling.

The office of the district attorney is established by Colo. Const. art. VI, § 13, and the district attorney has been vested with "constitutional power" to exercise discretion in determining which charges, if any, to pursue in any prosecution. *See Myers v. District Court,* 184 Colo. 81, 518 P.2d 836 (1974). That discretion is limited only to the extent that it is established in a proceeding commenced pursuant to § 16–5–209, C.R.S. (1986 Repl.Vol. 8A) that the district attorney's decision was "arbitrary or capricious and without reasonable excuse." *See Moody v. Larsen,* 802 P.2d 1169 (Colo.App.1990); *see also People v. Lucero,* 623 P.2d 424 (Colo.App. 1980) (complaining witness may neither require prosecution of a case nor dismissal of the charges).

The constitutional amendment at issue here, Colo. Const. art. II, § 16a, provides:

Any person who is a victim of a criminal act, or such person's designee, legal guardian, or surviving immediate family members if such person is deceased, shall have the right to be heard *when relevant,* informed, and present at all critical stages of the criminal justice process. *All terminology, including the term 'critical stages', shall be defined by the general assembly.* (emphasis supplied)

To implement this constitutional amendment, the General Assembly enacted various statutes, including the Guidelines for Assuring the Rights of Victims of and Witnesses to Crimes. *See* §§ 24–4.1–302 through 24–4.1–304, C.R.S. (1993 Cum.Supp.).

As pertinent here, "critical stages" was defined as including "any appellate review or appellate decision." Section 24–4.1–302(2)(i), C.R.S. (1993 Cum.Supp.). The victim's rights with reference to the "critical stages" of each prosecution are limited to the right to be "present for and to be informed of" that part of the proceeding. Section 24–4.1–302.-5(1)(c), C.R.S. (1993 Cum.Supp.). However, "the right to be heard" was limited to "any court proceeding which involves a bond reduction or modification, the acceptance of a negotiated plea agreement, or the sentencing of any person accused or convicted of a crime" against the victim. Section 24–4.1–302.5(1)(d), C.R.S. (1993 Cum.Supp.).

■ The issue then is whether Colo. Const. art. II, § 16a, as implemented by the relevant statutes, has conferred legal standing upon an alleged crime victim to challenge a district attorney's discretionary decision to dismiss charges against the alleged perpetrator of the crime by an appeal of the court's order of dismissal. We agree with the trial court's ruling.

■ If the language employed in the constitutional amendment conveys a clear and definite meaning involving no absurdity or internal contradiction, we must interpret that language as written. *Dempsey v. Romer,* 825 P.2d 44 (Colo.1992). The word "terminology" is defined as referring to the technical or special terms or expressions used in a written instrument. *See Webster's Third New International Dictionary* 2359. Hence, as we read the express language of the amendment, all of the technical or special terminology used in that provision, including "critical stages" and "right to be heard" is

subject to definition by the General Assembly.

Accordingly, we cannot conclude that the General Assembly acted improperly in limiting the right of a crime victim to be heard to proceedings involving a bond reduction or modification, the acceptance of a negotiated plea agreement, or the sentencing proceedings.

The fact that this right was not extended by the General Assembly to an appeal of the dismissal of criminal charges is confirmed by a review of § 24–4.1–303(4), C.R.S. (1993 Cum.Supp.) which provides:

> After a crime has been charged ... the district attorney shall consult, where practicable, with the victim regarding any decisions concerning the case, including decisions concerning ... dismissal, or other disposition. *Failure to comply with this subsection (4) shall not invalidate any ... disposition.* (emphasis supplied)

Reversal of the court's order here at the behest of Gansz would invalidate the disposition made in the trial court. Hence, we conclude that the constitutional amendment as implemented by the General Assembly does not subject the district attorney's exercise of discretion to dismiss criminal charges to appellate review by the alleged victim of the crime.

We have considered and find no merit in the other contention for reversal of the trial court's ruling predicated upon Crim.P. 48(a) as well as the contention by Gansz that this court should not address the prosecution's motion to dismiss on the merits.

Because we conclude that Gansz lacks legal standing to pursue this appeal under the constitutional amendment, the motion to vacate the prior order of this court dismissing the appeal is denied.

PLANK and TAUBMAN, JJ., concur.