Sarah Jane GANSZ, Petitioner,

v.

The PEOPLE of the State of Colorado and Bradley John Herron, Respondents.

No. 94SC93.

Supreme Court of Colorado, En Banc.

Jan. 17, 1995.

The Law Firm of Lanphere and Urbaniak, Gregory S. Lanphere, LeHouillier and Associates, Patric J. LeHouillier, Steven H. Schinker, Colorado Springs, for petitioner.

Terri Harrington, Patrick J. Mulligan, Denver, for respondent Bradley John Herron.

David J. Thomas, Dist. Atty., First Judicial Dist., Donna Skinner Reed, Chief Appellate Deputy Dist. Atty., Golden, for respondent People.

Frolich & Jensen, L.L.C., Linda Frolich, Denver, for amicus curiae Crim. Defense Bar.

Raymond T. Slaughter, Executive Director, Colorado Dist. Attys. Council, Katherine M. Clark, Staff Atty., Denver, for amicus curiae Colorado Dist. Attys. Council.

Justice ERICKSON delivered the Opinion of the Court.

Certiorari was granted in *People v. Herron*, 874 P.2d 435 (Colo.App.1993), to review two issues:

Whether the court of appeals erred in determining that article II, section 16a of the Colorado Constitution does not confer legal standing upon an alleged crime victim to challenge a district attorney's discretionary decision to dismiss charges against the alleged perpetrator of the crime by an appeal of the trial court's order of dismissal.

Whether article II, section 16a of the Colorado Constitution gives an alleged crime victim the right to be heard on a motion to dismiss a criminal action.

Article II, section 16a provides:

**Rights of crime victims.** Any person who is a victim of a criminal act, or such person's designee, legal guardian, or surviving immediate family members if such person is deceased, shall have the *right to be heard* when relevant, informed, and present at all *critical stages* of the criminal justice process. *All terminology, including the term "critical stages", shall be defined by the general assembly.*

Colo. Const. art. II, § 16a (emphasis added). Section 16a of the Colorado Constitution does not confer legal standing upon an alleged crime victim to appeal an order granting the district attorney's motion to dismiss a criminal charge. Neither section 16a nor its enabling legislation, sections 24–4.1–302 to –304, 10A C.R.S. (1988 & 1994 Supp.), grants an alleged crime victim the right to contest or be heard on a district attorney's motion to dismiss a criminal action.[1]

I

In August 1992, the Jefferson County District Attorney charged Bradley John Herron with the second-degree assault[2] of Sarah Jane Gansz. Herron waived a preliminary hearing, and the defendant was bound over to the district court for trial. After reviewing the case before trial, the district attorney filed a motion to dismiss the case, asserting that the charges could not be proven beyond a reasonable doubt.

The trial judge dismissed the charge without a hearing. After receiving a letter from Gansz, objecting to the dismissal, the trial judge vacated the dismissal and ordered a hearing. At the hearing, the trial judge ruled that Gansz lacked standing to proceed under Crim.P. 48(a).[3] During the hearing, the deputy district attorney stated that the prosecution sought to dismiss the case because Gansz was not a credible witness. The trial judge granted the motion to dismiss.

Gansz appealed the order of dismissal to the court of appeals, claiming that article II, section 16a of the Colorado Constitution, as implemented by the General Assembly, grants her legal standing to appeal the trial court's dismissal. On November 18, 1993, the court of appeals upheld the trial judge's order of dismissal, finding that Gansz did not have standing to appeal the decision to dismiss the criminal charges against Herron. We affirm the court of appeals.

II

■ A plaintiff must allege an injury in fact to a legally protected or cognizable interest to have standing to sue. *Maurer v. Young Life*, 779 P.2d 1317 (Colo.1989); *Conrad v. City & County of Denver*, 656 P.2d 662 (Colo.1982); *Wimberly v. Ettenberg*, 194 Colo. 163, 570 P.2d 535 (1977). Section 16a does not confer legal standing upon Gansz to appeal the trial court's dismissal of criminal charges.[4]

■ The Colorado Constitution establishes the office of district attorney and vests in the

---

1. The enabling legislation provides definitions in § 24–4.1–302, enumerates rights afforded to victims in § 24–4.1–302.5, sets forth procedures for protecting the rights of crime victims in § 24–4.1–303, and delineates provisions applicable to child victims or witnesses in § 24–4.1–304.

2. § 18–3–203, 8A C.R.S. (1986 & 1994 Supp.).

3. Crim.P. 48(a) states:
   **By the State.** No criminal case pending in any court shall be dismissed or a nolle prosequi therein entered by any prosecuting attorney or his deputy, unless upon a motion in open court, and with the court's consent and approval. Such a motion shall be supported or accompanied by a written statement concisely stating the reasons for the action. The statement shall be filed with the record of the particular case and be open to public inspection. Such a dismissal may not be filed during the trial without the defendant's consent.

4. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 1149, 35 L.Ed.2d 536 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another."); *see also Doyle v. Oklahoma Bar Ass'n,*

office the right to file an information on behalf of the People of the State of Colorado and the discretion to determine the charges that will be filed. Colo. Const. art. VI, § 13; § 20–1–102, 8B C.R.S. (1986 & 1994 Supp.); see *Myers v. District Court,* 184 Colo. 81, 518 P.2d 836 (1974). The decision to charge "is the heart of the prosecution function. The broad discretion given to a prosecutor in deciding whether to bring charges ... requires that the greatest effort be made to see that this power is used fairly and uniformly." American Bar Association Criminal Justice Prosecution Function and Defense Function Standards § 3–3.9 Commentary (3d ed. 1993). "The public interest is best served and evenhanded justice best dispensed, not by the unseeing or mechanical application of the 'letter of the law,' but by a flexible and individualized application of its norms through the exercise of a prosecutor's thoughtful discretion." *Id.; see Dresner v. County Court,* 189 Colo. 374, 540 P.2d 1085 (1975); *People v. MacFarland,* 189 Colo. 363, 540 P.2d 1073 (1975).[5]

### III

■ To implement article II, section 16a, the General Assembly defined "critical stage" to include numerous stages within the crimi-

nal process, including, the "disposition of the complaint or charges" and "any appellate review or appellate decision." § 24–4.1–302(2)(f), (i), 10A C.R.S. (1994 Supp.). A crime victim has the right to be present for and informed of all critical stages of the criminal justice process. § 24–4.1–302.5(1)(c), 10A C.R.S. (1994 Supp.). A victim's "right to be heard" is limited, however, to "any court proceeding which involves a bond reduction or modification, the acceptance of a negotiated plea agreement, or the sentencing of any person accused or convicted of a crime" against the victim. § 24–4.1–302.5(1)(d), 10A C.R.S. (1994 Supp.).

■ Article II, section 16a of the Colorado Constitution authorizes the General Assembly to define "[a]ll terminology."[6] The enactment of section 24–4.1–302.5(1)(d) reflects a legislative determination as to when a victim's input would be relevant, and, therefore, when a right to be heard would be appropriate. There is no statutory right to be heard at a hearing on a district attorney's motion to dismiss criminal charges.[7]

### IV

Article II, section 16a of the Colorado Constitution does not grant an alleged crime

---

998 F.2d 1559 (10th Cir.1993); *Dix v. Superior Court,* 53 Cal.3d 442, 279 Cal.Rptr. 834, 807 P.2d 1063 (1991).

5. A district attorney's decision not to prosecute may not be challenged unless it is shown by clear and convincing evidence that the decision was arbitrary or capricious and without reasonable excuse. *See Sandoval v. Farish,* 675 P.2d 300, 302 (Colo.1984); *Landis v. Farish,* 674 P.2d 957, 959 (Colo.1984).

*Sandoval* and *Landis* involved attempts to compel a district attorney to prosecute a case. The applicable provision to compel prosecution of a case states:

**16–5–209. Judge may require prosecution.** The judge of a court having jurisdiction of the alleged offense, upon affidavit filed with him alleging the commission of a crime and the unjustified refusal of the prosecuting attorney to prosecute any person for the crime, may require the prosecuting attorney to appear before him and explain his refusal. If after a hearing the judge finds that the refusal of the prosecuting attorney to prosecute was arbitrary or capricious and without reasonable excuse, he may order the prosecuting attorney to file an information and prosecute the case....

§ 16–5–209, 8A C.R.S. (1986). The remedy provided by § 16–5–209 has not been sought by Gansz in this case, although she would have standing to do so.

6. If language within a constitutional amendment conveys a clear and definite meaning and contains "no absurdity or internal contradiction," we must give full effect to the language as written. *Dempsey v. Romer,* 825 P.2d 44, 51 (Colo. 1992). "Terminology" refers to technical or special terms or expressions "used in a ... special subject." *Webster's Third New International Dictionary* 2359 (1961). Article II, § 16a provides that the terms "critical stages" and the "right to be heard" are subject to definition by the General Assembly.

7. Rather than granting a right to be heard, the legislation grants crime victims the "right to confer with the prosecution after any crime against the victim has been charged, prior to any disposition of the case .. and the right to be informed of the final disposition of the case...." § 24–4.1–302.5(1)(e), 10A C.R.S. (1994 Supp.).

"[T]he district attorney shall consult, where practicable, with the victim regarding any decisions concerning the case, including decisions concerning ... dismissal, or other disposition."

victim standing or the right to contest a district attorney's decision to dismiss criminal charges or the right to appellate review of the order dismissing the charges. Section 16a and its enabling legislation do not grant an alleged crime victim the right to be heard on a district attorney's motion to dismiss a criminal charge. Accordingly, we affirm the court of appeals.

§ 24–4.1–303(4), 10A C.R.S. (1994 Supp.). The provision also states, however, that "[f]ailure to comply with this subsection (4) shall not invalidate any decision, agreement or disposition." *Id.* Because a failure to consult with the victim cannot invalidate a disposition under this section, the General Assembly did not intend to grant an alleged crime victim the right to be heard in the context of an appeal of the dismissal of criminal charges.