**Rick E. WECKER, Petitioner,**

v.

**TBL EXCAVATING, INC., Colorado Compensation Insurance Authority, and the Industrial Claim Appeals Office, Respondents.**

No. 95CA0232.

Colorado Court of Appeals, Div. V.

Nov. 24, 1995.

Sawaya & Rose, P.C., Thomas J. Roberts, Denver, for Petitioner.

Colorado Compensation Insurance Authority, Michael J. Steiner, Brandee L. DeFalco, Denver, for Respondents TBL Excavating, Inc. and Colorado Compensation Insurance Authority.

No Appearance for Respondent the Industrial Claim Appeals Office.

Opinion by Judge DAVIDSON.

In this workers' compensation case, Rick Wecker (claimant) seeks review of an order of the Industrial Claims Appeals Office (Panel) which affirmed the denial by an Administrative Law Judge (ALJ) of his claim for medical benefits. He contends that the statutory substantial evidence test results in the denial of procedural due process of law. We affirm.

Section 8–43–301(8), C.R.S. (1995 Cum. Supp.) provides that the Panel cannot alter the findings of facts of an ALJ that are

supported by substantial evidence. Claimant argues that, as a result of this statutory requirement, the system of administrative review in workers' compensation cases denies litigants due process because the Panel is effectively, if not legally, bound by the ALJ's determination of ultimate facts. We disagree.

The General Assembly has created a substantive right to workers' compensation. *See Allison v. Industrial Claim Appeals Office,* 884 P.2d 1113 (Colo.1994). In proceedings relative to that right, a claimant's interest is in receiving fair consideration of his or her claim, whereas the state's primary interest is to provide "a comprehensive and predictable scheme that speedily resolves questions of job-related injuries and fixes employer liability in a way that allows employers to obtain insurance." *Williams v. White Mountain Construction Co.,* 749 P.2d 423, 430 (Colo. 1988).

■ The fundamental requisites of due process are notice and the opportunity to be heard by an impartial tribunal. *See Hendricks v. Industrial Claim Appeals Office,* 809 P.2d 1076 (Colo.App.1990). It is a flexible standard calling for such procedural protections as the particular situation demands. *Sears, Roebuck & Co. v. Baca,* 682 P.2d 11 (Colo.1984). No particular or specific procedure is mandated by due process considerations so long as the basic opportunity for a hearing and judicial review are present. *Lamm v. Barber,* 192 Colo. 511, 565 P.2d 538 (1977). Furthermore, statutes are presumed to be constitutional, and a party asserting that a particular statute is unconstitutional assumes the burden of establishing such assertion beyond a reasonable doubt. *Anderson v. State Department of Personnel,* 756 P.2d 969 (Colo.1988).

Claimant does not dispute that he received adequate notice and a full adjudicatory hearing before an ALJ in which he was permitted to present evidence, cross-examine witnesses, examine the employer's evidence, and present argument. Further, in addition to his statutory right to pursue an administrative appeal, he also had the right to judicial review. Nevertheless, claimant argues, § 8–43–301(8) violates due process because it does not provide a meaningful administrative review. We do not agree.

■ Judicial review of the decision of an administrative agency which affects substantive statutory rights is constitutionally required. *See Allison v. Industrial Claim Appeals Office, supra.* However, we can find no authority which holds that an opportunity for administrative review also must be provided.

■ Where administrative review is available, it must provide some authority to an agency to modify an ALJ's decision or otherwise afford relief, *see Forbes v. Trigg,* 976 F.2d 308, 319 (7th Cir.1992) ("administrative review must be meaningful, and not 'merely pro forma'"). However, the extent of this authority may be limited by the particular agency's statutory scheme without procedural due process implications. *Compare Huaman–Cornelio v. BIA,* 979 F.2d 995 (4th Cir.1992) (*de novo* review) *and California Department of Education v. Bennett,* 849 F.2d 1227 (9th Cir.1988) (initial decision set aside only for "good cause") *with Director v. Consolidation Coal Co.,* 884 F.2d 926 (6th Cir.1989) (substantial evidence standard of review).

Indeed, many federal and state statutory schemes, particularly those which provide for special review bodies such as the Panel here, limit administrative review to the substantial evidence standard. *See* I C. Koch, *Administrative Law & Practice,* § 6.73 (1985). As far as we can determine, none has succumbed to a due process challenge. *See Universal Camera Corp. v. NLRB,* 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951).

Moreover, claimant's argument that the Panel's reviewing authority is constitutionally inadequate rests on erroneous assumptions.

■ First, the substantial evidence standard set forth in § 8–43–301(8), contrary to claimant's assertion, does not prohibit the Panel from vacating "grossly mistaken orders" or orders in which "the great weight of the evidence or even overwhelming evidence, supports a contrary decision." To the contrary, evidence is not substantial if it is overwhelmed by other evidence or if it constitutes a mere conclusion. *See Pettyjohn v. Sullivan,* 776 F.Supp. 1482, 1485 (D.Colo.1991) ("[Substantial evidence] must be more than a mere scintilla. [It] does not permit a simple search of the record for isolated bits of evi-

dence which supports a preconceived conclusion."); *Rathburn v. Industrial Commission,* 39 Colo.App. 433, 566 P.2d 372 (1977) (the mere existence of some evidence is insufficient to satisfy the substantial evidence test).

■ Also, to the extent that claimant implies that the Panel must retain the ability to decide ultimate facts on a *de novo* basis because ALJ's are not "equipped" to render these determinations, we disagree. We assume ALJs to be competent and unbiased until the contrary is shown. *See Van Sickle v. Boyes,* 797 P.2d 1267 (Colo.1990).

Further, claimant's argument ignores the purpose of the Workers' Compensation Act, which is to provide "an expeditious method of compensating disabled workers" with liability determined "with some degree of certainty." *Bellendir v. Kezer,* 648 P.2d 645, 647 (Colo. 1982). Since limited administrative review, such as provided here, avoids duplication of effort at the agency level, it is rationally related to the statutory goal. *See* I C. Koch, *supra,* § 7.30 at 590 ("in mass justice programs, administrative appeal processes ... speed the decision").

Finally, the determination of compensation is made in the context of a formal, adjudicatory proceeding. Review of this determination by the Panel, even under the limited substantial evidence standard, requires a complete, substantive examination of the record and an explanation by the Panel of its decision. Therefore, even if allowing the Panel a *de novo* opportunity to determine ultimate facts would provide closer administrative scrutiny of the decision of the ALJ, we fail to see how existing procedure constitutes, as claimant asserts, a "meaningless" review.

The order is affirmed.

CASEBOLT and ROY, JJ., concur.