Ruben PEREZ, Plaintiff–Appellant,

v.

DENVER PUBLIC SCHOOLS, a body corporate pursuant to C.R.S. 22–32–101, the Board of Education of the Denver Public Schools, the Directors of the Board of Education of the Denver Public Schools, Irving Moskowitz, Superintendent, Denver Public Schools, Bernadette Seick, Superintendent Secondary Education, and Martha Guevara, Principal, Horace Mann Middle School, Defendants–Appellees.

No. 95CA1210.

Colorado Court of Appeals,
Div. II.

May 30, 1996.

Jon L. Holm, Robert P. Johns, Denver, for Plaintiff–Appellant.

Semple & Jackson, P.C., Michael H. Jackson, Patrick B. Mooney, Denver, for Defendants–Appellees.

Opinion by Judge HUME.

Plaintiff, Ruben Perez, appeals the dismissal of his claim for declaratory relief against defendants, the Denver Public Schools, its Board of Education, and certain of its officials, Irving Moskowitz, Bernadette Seick, and Martha Guevara. We affirm.

In July 1994, plaintiff entered into a one year contract with Denver Public Schools to serve as an assistant school principal at a middle school. In November 1994, plaintiff was placed on administrative leave during an investigation of his plan to suspend a number of middle school students. In mid-December, defendant Guevara, principal of the middle school and plaintiff's supervisor, issued plaintiff a letter of reprimand. A second letter of reprimand was issued by Guevara in early February 1995. After plaintiff was transferred to another school, he was again reprimanded in the form of a letter of warning.

Plaintiff then filed a complaint against defendants seeking, as is pertinent here, an order from the trial court that the letters of reprimand violated his right to due process and that they be removed from his personnel file and destroyed. Defendants successfully moved for dismissal of the complaint under C.R.C.P. 12(b)(5). This appeal followed.

The record reveals that the basis for the trial court's order was its conclusion that plaintiff had failed to allege an interest sufficient to invoke due process protection. Plaintiff argues that this conclusion was in error, asserting that he stated a claim for deprivation of a liberty interest without due process of law. We disagree with that contention.

■ While a public employee does have a liberty interest in his or her good name, reputation, honor, and integrity, *Wisconsin v. Constantineau,* 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971), that interest, standing alone, is not entitled to constitutional protection. *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). In order for an interest in one's reputation to be entitled to constitutional protection, an employee must not only allege injury to his or her reputation but also impairment of some more tangible interest. *Siegert v. Gilley,* 500 U.S. 226, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991).

The crux of plaintiff's argument is that by virtue of his allegations that the content and placement of the letters of reprimand will affect his professional status, his opportunity to advance in the school system, and his ability to obtain outside employment, he has established that his claim of reputational injury was entangled with his interest in employment.

■ A public employee's interest in his or her good name and reputation which impinges upon the employee's protected property interest in continued employment or which operates to foreclose other employment opportunities may, indeed, implicate due process protections. *Paul v. Davis, supra.* However, the trial court found, and we agree, that plaintiff's allegations are not of this character.

■ The record discloses that, despite his allegations that the letters affected his professional status and employment within and without the school system, plaintiff did not allege specifically how his professional status had been affected or in what manner his employment opportunities had been circumscribed by the letters of reprimand. The possibility of future harm to prospective employment opportunities is too intangible to constitute a constitutional deprivation of a protected liberty interest in reputation. *Workman v. Jordan,* 32 F.3d 475 (10th Cir. 1994). *See also Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976) (derogatory information not made public cannot form basis for a claim of injury to reputation).

Neither did plaintiff allege that any of the statements contained in the letters of reprimand were made in connection with either a demotion or the termination of his employment. Indeed, plaintiff's only allegation with regard to the effect of the letters on his employment was that he was transferred to

another school and his duties of enforcing discipline in the school were removed.

 Plaintiff has asserted in his brief that his contract has not been renewed. However, inasmuch as neither the allegations in his complaint nor the dates of the letters of reprimand and of the expiration of his contract indicate a link between the letters and the nonrenewal, the defendants' subsequent decision not to renew plaintiff's contract cannot form a basis for a claimed deprivation of a liberty interest. *See Wulf v. City of Wichita,* 883 F.2d 842 (10th Cir.1989).

Based on our review of the record, we conclude that plaintiff has failed to show that the letters of reprimand were "entangled" with any protected interest in employment, a showing necessary to establish a liberty interest sufficient to invoke due process protection. *Paul v. Davis, supra.* Accordingly, the trial court did not err in concluding that plaintiff had failed to allege such an interest.

 Alternatively, plaintiff argues that the letters of reprimand were "unauthorized" and that, thus, the issuance of the letters and their placement permanently in his personnel file implicated due process. Because we agree with the trial court that the letters of reprimand were authorized both by § 22–32–126, C.R.S. (1995 Repl.Vol. 9) and under the terms of plaintiff's contract, we reject this alternative argument.

The judgment of dismissal is affirmed.

CRISWELL and JONES, JJ., concur.