**Eric CARLSON, Petitioner,**

**v.**

**The INDUSTRIAL CLAIM APPEALS OF-FICE OF THE STATE OF COLORADO; Department of Labor and Employment, Division of Workers' Compensation; Sandra Miller; and Colorado Hospital Association Trust for Workers' Compensation & Benedictine Health Center, Respondents.**

**No. 96CA2199.**

Colorado Court of Appeals,
Div. I.

Oct. 16, 1997.

Rehearing Denied Dec. 26, 1997.

Law Office of Cynthia M. Pring, Cynthia M. Pring, Diane M. Astourian, Colorado Springs, for Petitioner.

No Appearance for the Industrial Claim Appeals Office.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Jeannette W. Kornreich, Assistant Attorney General, Denver, for Respondent Department of Labor & Employment, Division of Workers' Compensation.

No Appearance for Respondent Sandra Miller.

Clifton, Hook & Bovarnick, P.C., Clyde E. Hook, Harvey D. Flewelling, Denver, for Respondent Colorado Hospital Association Trust for Workers' Compensation & Benedictine Health Center.

Opinion by Judge CRISWELL.

Petitioner, Eric Carlson, seeks review of a final order of the Industrial Claim Appeals

Office (Panel) affirming the order of the Administrative Law Judge (ALJ) changing the medical provider for Sandra Miller (claimant) based upon the recommendation of a medical utilization review (MUR) committee. We affirm.

Claimant suffered a compensable injury to her arms in September 1993 and began treating with petitioner in 1994. Support Services, Inc., (insurer) later sought a MUR of petitioner's treatment. The MUR panel unanimously agreed that petitioner's care was not reasonably necessary to cure or to relieve claimant of the effects of the industrial injury and that petitioner should not continue to treat claimant. Giving great weight to this recommendation, as required by § 8–43–501(3)(d), C.R.S.1997, the Director of the Division of Labor ordered that a change of physicians be made in accordance with § 8–43–501(4), C.R.S.1997.

Petitioner timely appealed the director's order and requested a hearing. Pursuant to § 8–43–501(5)(a), C.R.S.1997, however, the ALJ limited review to the record on appeal. Upon such review, the ALJ concluded that petitioner had failed to sustain his burden of overcoming the director's order by clear and convincing evidence, and therefore, the ALJ affirmed the director's order. On subsequent administrative review, the Panel also affirmed the order.

## I.

■ Initially, we reject insurer's claim that petitioner lacks standing to appeal the Panel's order.

The proper inquiry on standing is whether a person has suffered an injury in fact to a legally protected interest as contemplated by statutory or constitutional provisions. *Conrad v. City & County of Denver*, 656 P.2d 662 (Colo.1982). Hence, even if we assume that petitioner has suffered an injury because he was removed from providing care to claimant as a result of the MUR proceeding, that fact alone does not confer standing. *See People v. Herron*, 874 P.2d 435 (Colo.App.1993), *aff'd sub nom. Gansz v. People*, 888 P.2d 256 (Colo.1995).

Section 8–43–501(5)(a), C.R.S.1997, provides that:

Any party, including the health care provider, may appeal to an [ALJ] for review of an order specifying that no change occur or that a change of provider be made.... A party disputing the finding of such utilization review committee shall have the burden of overcoming the finding by clear and convincing evidence.

However, § 8–43–501(5)(d), C.R.S.1997, provides only that "any party" dissatisfied with an order entered by an ALJ pursuant to the utilization review process may file a petition to have the order reviewed by the Panel. It does not specifically confer the right to seek further review of the ALJ's determination.

■ Nevertheless, this court must construe the statutory scheme in a manner that gives consistent, harmonious, and sensible effect to all of its parts. *Henderson v. RSI, Inc.*, 824 P.2d 91 (Colo.App.1991). In doing so, words and phrases should be given effect according to their plain and obvious meaning. *L.E.L. Construction v. Goode*, 867 P.2d 875 (Colo.1994).

Because petitioner had standing to appeal to an ALJ for a record review of an order with respect to a change in the health care providers, we conclude that petitioner, described as a "party" by § 8–43–501(5)(a), necessarily has standing to seek further review of the ALJ's approving order and to seek our review of the Panel's affirmance of that order.

## II.

Petitioner asserts that the MUR statute is unconstitutional because it denies him due process of law. We disagree with this assertion.

■ A statute is presumed to be constitutional and a person challenging the validity of that statute has the burden of proving it to be unconstitutional beyond a reasonable doubt. *Wecker v. TBL Excavating, Inc.*, 908 P.2d 1186 (Colo.App.1995).

The requirements of procedural due process apply only to the deprivation of a liberty

or property interest. Therefore, the first question presented is whether petitioner has been deprived of any liberty or property interest. *See Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Watso v. Colorado Department of Social Services,* 841 P.2d 299 (Colo.1992).

## A.

■ Petitioner first asserts that his name, reputation, and practice are important liberty interests. We disagree.

■ An interest in one's reputation is entitled to constitutional protection only if an injury to that reputation is accompanied by an impairment to some more tangible interest. *Siegert v. Gilley,* 500 U.S. 226, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991); *Perez v. Denver Public Schools,* 919 P.2d 960 (Colo.App. 1996).

■ A person is not deprived of liberty if he or she is simply not rehired in one position but remains as free as before to seek another, even if that nonretention might make the person less attractive to some other employers. *Board of Regents v. Roth, supra.* In addition, the possibility of future harm to prospective employment is too intangible to comprise a constitutional deprivation of a protected liberty interest in reputation. *See Perez v. Denver Public Schools, supra.* Finally, it is the liberty to pursue a calling or occupation, and not the right to a specific job, that is protected by due process. *Wroblewski v. City of Washburn,* 965 F.2d 452 (7th Cir.1992).

Here, petitioner has not alleged that any special status or right conferred by Colorado law has been violated. Thus, he has not established a liberty interest sufficient to invoke constitutional protection. Indeed, when petitioner obtained his level I accreditation, he agreed to comply with all division rules, guidelines, and statutes governing such accreditation, which includes the MUR procedure. *See* Department of Labor and Employment Rule XX(B)(1)(c), 7 Code Colo. Reg. 1101–3 at 132.

## B.

■ Petitioner also asserts that, as a level I accredited physician, he has a property interest in the MUR proceeding. Again, we disagree.

■ A person has a protected property interest at stake only if he or she has a legitimate claim of entitlement to it as opposed to a unilateral expectation. *Board of Regents v. Roth, supra.*

■ Property interests are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law. *State v. DeFoor,* 824 P.2d 783 (Colo.1992). The fact that the General Assembly has created the right to a hearing in certain circumstances does not mean that the person granted that right is independently entitled to a hearing as a matter of constitutional law. *Ficarra v. Department of Regulatory Agencies,* 849 P.2d 6 (Colo.1993).

Under the Workers' Compensation Act, claimants are entitled to medical treatment and supplies that are reasonably needed to cure and relieve the effects of the injury. Section 8–42–101(1), C.R.S.1997. But, the employer or insurer has the right in the first instance to select a claimant's physician, although the claimant may seek a change of physician upon a proper showing. Section 8–43–404(5)(a), C.R.S.1997. Thus, the petitioner, as an accredited provider, does not possess a statutory right, either express or implied, to treat any claimant for his or her work-related injury or to continue to provide further treatment. *Cf. Bezar v. New York State Department of Social Services,* 151 A.D.2d 44, 546 N.Y.S.2d 195 (1989) (physician does have a guaranteed right to reenrollment as a provider in the Medicaid program).

■ Although a claimant possesses a property interest in receiving workers' compensation benefits, he or she does not have a property interest in receiving medical care from a particular provider or in receiving a certain type of treatment. *Colorado Compensation Insurance Authority v. Nofio,* 886 P.2d 714 (Colo.1994). It follows, therefore, that a particular physician does not have a property right in providing medical care to a

particular claimant in a workers' compensation proceeding. And, petitioner makes no assertion that he had some right or legitimate expectation to continue to treat claimant here.

██ Further, while an accredited provider is entitled to a hearing under certain circumstances, such as when payment of fees has been retroactively denied, *see* § 8–43–501(5)(b), C.R.S.1997, or when the provider's accreditation has been revoked, *see* § 8–42–101(3.6)(g), C.R.S.1997, such entitlement does not create a property interest that independently entitles the petitioner to a hearing on the matters at issue here. *See Ficarra v. Department of Regulatory Agencies, supra; see also Colorado Compensation Insurance Authority v. Nofio, supra.*

Accordingly, we conclude that petitioner lacks either a sufficient property or liberty interest under the present circumstances to be entitled to due process protections.

Having reached the foregoing conclusions, we have no need to consider whether the procedures adopted for a MUR review would satisfy procedural due process requirements in any instance in which such requirements were applicable.

██ Further, because the argument was asserted for the first time in petitioner's reply brief, we also do not address the question whether the MUR procedures intrude upon the authority of the Board of Medical Examiners or intrude upon other peer review procedures. *See People v. Czemerynski*, 786 P.2d 1100 (Colo.1990).

Order affirmed.

STERNBERG, C.J., and METZGER, J., concur.