**COLORADO COMPENSATION INSURANCE AUTHORITY,**
Petitioner,

v.

**The INDUSTRIAL CLAIM APPEALS OF-FICE OF the STATE OF COLORADO and Dennis C. Miller, D.C., Respondents.**

No. 99CA1080.

Colorado Court of Appeals,
Div. IV.

July 6, 2000.

Rehearing Denied Aug. 31, 2000.

Certiorari Denied March 26, 2001.

Colorado Compensation Insurance Authority, Laurie A. Schoder, Denver, Colorado, for Petitioner.

Ken Salazar, Attorney General, John D. Baird, Assistant Attorney General, Denver, Colorado, for Respondent Industrial Claim Appeals Office.

Michael Whited, Jr., Colorado Springs, Colorado, for Respondent Dennis C. Miller.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.1999.

Opinion by Judge ROTHENBERG.

In this workers' compensation proceeding, Colorado Compensation Insurance Authority (insurer) seeks review of the final order issued by the Industrial Claim Appeals Office (Panel) in a medical utilization review (MUR) proceeding which denied insurer's request for the retroactive denial of payment. The sole issue in this appeal is whether, in a *de novo* hearing on the retroactive denial for services brought pursuant to the former version of the MUR statute, Colo. Sess. Laws 1991, ch. 225, § 8–43–501(5)(d) at 1357, the Panel erred in determining that insurer had the burden of proving the care provider's treatment was unreasonable under appropriate professional standards. According to the insurer, the burden of proof should have been placed on the care provider. We affirm the order of the Panel.

## I.

In 1987, Hershel L. Wendt (claimant) sustained a compensable back injury and, shortly after the industrial accident, began receiving chiropractic treatments from Dennis C. Miller, D.C. (care provider). In October 1990, claimant was found permanently partially disabled and was granted an award of disability benefits. The Administrative Law Judge (ALJ) entered an order for "future reasonable and necessary medical expenses" which were to include one to two chiropractic treatments per month.

Insurer continued to pay for the chiropractic treatments until October 1996, when it received a medical report stating that the ongoing treatments were no longer necessitated by the industrial injury. Insurer then sought review of those treatments under the MUR procedures which are currently codified at § 8–43–501, C.R.S.1999.

The MUR panel unanimously agreed the care provider's treatment was reasonable and necessary, but a majority also agreed the care was not reasonably appropriate according to professional standards to cure and relieve the effects of the workplace injury. The panel unanimously recommended a change of provider, and a majority agreed that payment for services rendered after

February 27, 1989, should be retroactively denied. The Director of the Division of Workers' Compensation entered an order implementing the panel's recommendations.

Thereafter, the care provider requested a *de novo* hearing of the retroactive denial for services. The ALJ entered an order clarifying that the burden would be on the insurer to prove, by a preponderance of the evidence, that the care provider's fees for treatment after February 27, 1989, should be retroactively denied.

Following the hearing, the ALJ found, *inter alia*, that the insurer had failed to carry its burden of proving that the care provider's treatment was unreasonable under appropriate professional standards, or that the care was not reasonable and necessary to cure and relieve the effects of the injury. Accordingly, the ALJ denied the request for a retroactive denial of payment and set aside the Director's order as to that issue. On review, the Panel upheld the ALJ.

## II.

■ Insurer contends the ALJ and the Panel misapplied the statutory burden of proof by requiring it to prove that the care provider's bills should be retroactively denied. According to the insurer, the care provider should have been assigned the burden of proving the services were reasonably necessary, and were reasonably appropriate according to accepted professional standards. We disagree.

The present version of the MUR statute governing review of retroactive denials is § 8–43–501(5)(b), C.R.S.1999, which took effect on July 1, 1991. However, because it applies to injuries occurring on or after that date, Colo. Sess. Laws 1991, ch. 219 at 1330, the parties agree—as do we—that the predecessor statute controls.

The applicable version of the MUR statute, Colo. Sess. Laws 1991, ch. 225, § 8–43–501(5)(d) at 1357, provided that:

If the director issued an order specifying that the payment of fees in a case be retroactively denied, the health care provider may request a de novo hearing before an administrative law judge by filing

an application for hearing within thirty days after the date of the certificate of mailing of the order. In a hearing held pursuant to this paragraph (d), the record upon which the director based an order shall be admissible in evidence.

Insurer relies on the basic tenet of administrative law that requires the burden of proof to be placed on the party challenging an agency order. *See Colorado Health Care Ass'n v. Colorado Department of Social Services,* 842 F.2d 1158 (10th Cir.1988). Insurer thus asserts that the burden of proof should have been placed on the care provider because he challenged the Director's order granting retroactive denial of payment.

Insurer also relies on *Atlantic & Pacific Insurance Co. v. Barnes,* 666 P.2d 163 (Colo. App.1983), which held that the party seeking to change the *status quo* had the burden of proof. The division in *Atlantic* clarified that: (1) the test is to identify the party that would be successful in the absence of any evidence and to impose the burden on the adverse party; (2) a proper allocation of the burden of proof is a substantial right of the parties; and (3) reversible error occurs when the burden of proof is allocated to the wrong party.

In its order here, the Panel acknowledged that the burden of proof generally falls on the party asserting the affirmative of a proposition and that consideration should be given to which party would prevail if no evidence were presented on the disputed matter. *See Cowin & Co. v. Medina,* 860 P.2d 535 (Colo.App.1992). However, the Panel explained that the application of those general principles was complicated here by the statute in issue, which provided for a *de novo* hearing without assigning the burden of proof.

The language of this predecessor statute is different from the language of the current statute, § 8–43–501(5)(b), which now provides that in a *de novo* review of a retroactive denial, great weight shall be afforded the findings of the MUR panel, and that *the party disputing such findings shall have the burden of overcoming them by clear and convincing evidence.*

■ The Panel observed that the effective date of the current statute limits its application to injuries occurring on or after July 1, 1991. The general rule is that when a statute is amended, it is presumed that the General Assembly intended to change the law. *See Charnes v. Lobato,* 743 P.2d 27 (Colo. 1987).

The Panel reasoned that, in the context of administrative review, a *de novo* review ordinarily involves a legal or factual review based on the record made in the original proceeding. *See Wecker v. TBL Excavating, Inc.,* 908 P.2d 1186 (Colo.App.1995) (many federal and state statutory schemes, particularly those which provide for special review bodies such as the Panel here, limit administrative review to the substantial evidence standard).

The statute in issue provides that type of limited review in a parallel section for orders to change providers. *See* Colo. Sess. Laws, 1991, ch. 225, § 8–43–501(5)(c) at 1357 (prohibiting the ALJ from altering such order if it is supported by substantial evidence in the record of the MUR proceeding).

In rejecting the insurer's contention that the burden should be placed on the provider, the Panel also relied on cases defining a trial *de novo* as a new trial of an entire controversy which affords the parties an opportunity to try the controversy and to present such evidence as could have been presented in the initial forum. *See Amax, Inc. v. Grand County Board of Equalization,* 892 P.2d 409 (Colo.App.1994); *B.C., Ltd. v. Krinhop,* 815 P.2d 1016 (Colo.App.1991). The Panel concluded that, in a trial *de novo,* the burden of proof should rest on the party who sought a change in the *status quo* in the initial proceeding. Here, it was the insurer that sought to modify the existing course of treatment by the care provider.

Finally, the Panel was persuaded by the fact that the statutory provision in issue here directs that the record of the MUR proceeding shall be admissible into evidence, but does not give the Director's order any presumptive effect. The Panel viewed this as an indication that the General Assembly intended a higher standard of procedural protection when the care provider is required to reim-

burse the insurer for services already rendered, as opposed to cases in which only a change of provider is ordered. Contrary to the insurer's contention, this inference is not altered by the fact that the care provider does not have a constitutionally protected liberty or property interest in obtaining reimbursement. *See Carlson v. Industrial Claim Appeals Office,* 950 P.2d 663 (Colo. App.1997).

■ We conclude that the Panel's analysis is reasonable and persuasive, and we adopt its interpretation of the statute as our own. We therefore hold that, under the statute at issue here, when a party seeks a *de novo* hearing following the Director's retroactive denial of payment, the insurer has the burden of proof to establish that the care provider's treatment was unreasonable under pertinent professional standards.

Order affirmed.

Judge MARQUEZ and Judge DAILEY concur.