24CA1763 Krause v ICAO 04-03-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1763
Industrial Claim Appeals Office of the State of Colorado
DD No. 12336-2024

---

Thomas Krause,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado and Yelp Inc.,

Respondents.

---

ORDER SET ASIDE

Division IV
Opinion by JUDGE GROVE
Harris and Pawar, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 3, 2025

---

Thomas Krause, Pro Se

No Appearance for Respondents

¶ 1　　In this unemployment benefits case, claimant, Thomas Krause, seeks review of a final order of the Industrial Claim Appeals Office (Panel) allowing his former employer, Yelp Inc.'s, late appeal of his benefits award and reversing that award. This case concerns whether Yelp received notice of Krause's benefits award and an opportunity to contest it. We set aside the Panel's order.

## I.　　Procedural Background

¶ 2　　The following procedural facts are undisputed.

¶ 3　　In early 2022, Krause filed his claim for benefits in connection with his brief employment with Yelp in 2021. On May 16, 2022, the Division of Unemployment Insurance (Division) contacted Yelp, via phone and mail, requesting information to assist in adjudicating Krause's claim. Yelp did not respond to that request until June 13, 2022. In the meantime, on June 3, 2022, a deputy for the Division issued a determination that Krause was entitled to benefits (benefits award). Three days later, in a Notice of Determination dated June 6, 2022, the deputy notified Yelp that, by failing to timely respond to the Division's request for information, Yelp had forfeited its appellate rights (the forfeiture decision):

> Employer: You have lost your right to protest this decision. You did not respond to our request for facts about a former employee's employment within the time limit specified by Regulation 7.2.

However, the deputy explained, Yelp could appeal the forfeiture decision within twenty days:

> You may appeal this denial by submitting a signed statement, within 20 calendar days of this notice, with your reasons for not acting timely.

It is undisputed that Yelp received the forfeiture decision, including the instructions for appealing, and did not timely appeal it.

¶ 4 From this point through November 2023 — a span of seventeen months — the history of communications between Yelp and the Division is less clear. Nonetheless, it is undisputed that a hearing officer for the Division issued an order finding that, on November 28, 2023, Yelp filed an appeal of the benefits award. The hearing officer further found that, because Yelp filed its appeal more than 180 days late, Regulation 12.1.3.2. mandated dismissal.

¶ 5 Yelp sought review from the Panel. The Panel inferred that Yelp had not timely received notice of the benefits award and that this delay precluded Yelp from timely appealing it. As a result, the

2

Panel remanded the case to the hearing officer and noted that, on remand, Krause could challenge "the factual basis of the alleged due process violation that caused the employer's late appeal of the deputy's decision."

¶ 6      Following an evidentiary hearing, the hearing officer found that Yelp's "appeal of the [benefits award] was received on November 28, 2023, which was 523 days late.  However, he also found that Yelp "did not know of the existence of the [benefits award] until November of 2023[,]" upon receiving a letter from the Division referencing that decision.  Because Yelp could not "timely appeal a decision that [it was] not aware of[,] . . . it [would be] a denial of due process not to allow the appeal to proceed."  Accordingly, the hearing officer held that Yelp was not barred from appealing the deputy's benefits award.  The hearing officer further concluded that Krause was disqualified from receiving benefits and reversed the benefits award.

¶ 7      Krause appealed the hearing officer's decision to the Panel, arguing, in part, that the hearing officer erred in finding Yelp first learned of the benefits award in November 2023.  The Panel affirmed the hearing officer's findings and conclusions, and further

3

found that the Division had mailed the benefits award to an outdated address for Yelp, despite knowing Yelp's current address:

> We would also point out that although the Division was aware of [Yelp's] new address on Mission Street, *see* Docket 33263-2023, Exhibit AA at 23, the Division mailed the June 3, 2022, deputy's decision to the employer's *previous* address on New Montgomery Street, *see id.* at 3; tr. at 26. This constituted administrative error and a denial of due process.

## II.    Standard of Review

¶ 8    Under section 8-74-107, C.R.S. 2024, we may not disturb factual findings "supported by substantial evidence" and may only set aside the Panel's decision if (1) the Panel acted without or in excess of its powers; (2) the decision was procured by fraud; (3) the factual findings do not support the decision; or (4) the decision is erroneous as a matter of law. Substantial evidence is "probative, credible, and competent, of a character which would warrant a reasonable belief in the existence of facts supporting a particular finding." *Rathburn v. Indus. Comm'n*, 566 P.2d 372, 373 (Colo. App. 1977). Thus, mere conclusions do not suffice. *Wecker v. TBL Excavating, Inc.*, 908 P.2d 1186, 1188-89 (Colo. App. 1995) ("[E]vidence is not substantial if it . . . constitutes a mere

conclusion."). We decide as a matter of law whether substantial evidence exists. *Pub. Serv. Co. of Colo. v. Pub. Utils. Comm'n*, 26 P.3d 1198, 1205 (Colo. 2001).

## III. Analysis

¶ 9 Because Krause represents himself, we construe his arguments liberally, giving effect to their substance rather than form. *Jones v. Williams*, 2019 CO 61, ¶ 5. On appeal, Krause challenges the factual findings underlying the due process violation determination. We understand that challenge, when viewed in the context of the governing legal framework, as an argument that no substantial evidence supports the hearing officer's finding that Yelp "was not aware of" the benefits award until November 2023. Because we agree with Krause, we do not address his alternative argument regarding the merits of his benefits claim.

¶ 10 At the evidentiary hearing, Yelp presented its case-in-chief through Associate General Counsel Connie Sardo. During Sardo's presentation, the hearing officer commented that the benefits award did not "have any Employer address on it at all." Sardo agreed, adding that she had "scoured our company records related to this matter, and at no point in this timeframe did we receive anything

dated June 3rd." This exchange appears to be the basis for the hearing officer's finding that Yelp never received the benefits award.

¶ 11    However, when he determined that the benefits award did not list Yelp's address, the hearing officer was looking at a copy of the benefits award Krause included in his omnibus trial exhibit. True, Krause's trial exhibit included a copy of the benefits award that was addressed only to him, but that seems unremarkable, as it was his copy, not Yelp's. So that exhibit sheds no light on whether Yelp *also* received a copy of the benefits award. It certainly does not give rise to a reasonable inference that Yelp never received a copy.

¶ 12    In fact, a copy of the benefits award submitted by the Division was also admitted into evidence, though the hearing officer did not acknowledge it. That copy *was* addressed to Yelp, albeit at its former address, forwarding service requested.

¶ 13    The record suggests that the benefits award was in fact forwarded. During the hearing, Sardo pointed the hearing officer to a document included in Yelp's omnibus trial exhibit — an envelope from the Division to Yelp, at its former address, stamped June 3, 2022. A label on that envelope shows the post office forwarded it to Yelp's current address on June 22, 2022. And Yelp indisputably

received the envelope because Yelp included it in its own trial exhibit, and nothing in the record suggests Yelp conducted any pre-hearing discovery. Thus, to the extent the hearing officer credited Sardo's testimony that Yelp never "receive[d] anything dated June 3," we conclude that the hearing officer erred because that testimony is unsupported by the record. *See Halliburton Servs. v. Miller*, 720 P.2d 571, 578 (Colo. 1986) (witness testimony must be overwhelmingly rebutted by hard, certain evidence directly to the contrary for the hearing officer's credibility determinations to be overturned).

¶ 14    Thus, no substantial evidence supports the hearing officer's finding that Yelp never received the benefits award. Similarly, though the Panel correctly noted that the Division sent notice of the benefits award to Yelp at its previous address, this fact does not show that Yelp never received the notice, and thus the Panel erred in concluding that the wrongly addressed notice established a due process violation.

¶ 15    Regardless, irrespective of whether Yelp received the benefits award, the forfeiture decision placed Yelp on notice of the benefits award, and Yelp acknowledges it received the forfeiture decision on

7

June 27, 2022 — well before the 180-day time bar.  *See* Dep't of Lab. & Emp. Reg. 12.1.3.2, 7 Code Colo. Regs. 1101-2.  Moreover, Yelp's ability to pursue relief as to the benefits award was expressly predicated on Yelp successfully appealing the forfeiture decision, and Yelp failed to present evidence at the hearing demonstrating that it did so.  Nor did it present any argument or evidence explaining that failure.

¶ 16     Indeed, Sardo testified that Yelp delivered an appeal of the June 6 forfeiture decision on August 11, 2022, via fax.  Because that alleged filing date fell within 180 days of the issuance of the June 6 forfeiture decision, Regulation 12.1.3.1 required that the Division schedule a hearing.  Dep't of Lab. & Emp. Reg. 12.1.3.1, 7 Code Colo. Regs. 1101-2.  But Yelp failed to produce any evidence of a hearing notice — or any evidence that it made reasonable and timely attempts to follow up with the Division to schedule a hearing.[1]  More importantly, Yelp failed to produce a copy of its alleged August 11 submission or testimony from anyone with

---

[1] In November 2022 correspondence with the Division, Yelp stated it submitted an appeal on August 11.  But Yelp characterized it as an appeal of the underlying benefits award, not the June 6 forfeiture decision, and failed to attach a copy of the alleged appeal.

personal knowledge of its transmission or contents. In short, Yelp failed, as a matter of law, to demonstrate that it met the conditions precedent to appealing the benefits award or that it is otherwise owed further process.

## IV. Disposition

¶ 17 The Panel's order is set aside.

JUDGE HARRIS and JUDGE PAWAR concur.